No. 3542

Second Circuit

---

MAY v. CUTHBERT

---

(May 8, 1929.  Opinion and Decree.)

---

Hodge & Barnett, of Rayville, attorneys for plaintiff, appellant.

Smith & McGregor, of Rayville, attorneys for defendant, appellee.

WEBB, J.  In this action, to have the boundary between the properties of the respective parties judicially determined, judgment was rendered, fixing the boundary conformably to a survey which was conceded by the parties to be correct, but the court refused to tax as cost the full amount claimed by the plaintiff to have been expended in having the survey made, and the judgment ordered the cost which was taxed to be paid equally by the parties.

Plaintiff appeals from the judgment, and complains of the refusal of the court to tax as cost the full amount claimed to have been expended by plaintiff, and also of the judgment ordering the cost to be paid equally by the parties.

There were two surveyors appointed by the court, one having been appointed on the application of plaintiff and the other on the application of defendant, and the surveyors were ordered to make the survey jointly; but, as they did not agree upon a day to make the survey, the surveyor appointed on the application of plaintiff was proceeding to make the survey when counsel for defendant protested,

and the matter was referred to the court, which then fixed a time within which the survey should be made, and, the surveyors having again failed to agree upon a day to make the survey, defendant, through his counsel, consented that the survey should be made by the surveyor appointed on the application of plaintiff. The expense of the survey made by the surveyor appointed on the application of plaintiff and with the consent of defendant, as well as the expense of the suit, cost of process, etc., was taxed as cost, but the court refused to tax the expense incurred in the proceeding in which the surveyor appointed on the application of plaintiff first undertook to make the survey.

Considering the complaint as to the refusal of the court to tax the expense incurred by the action of the surveyor in proceeding to make the survey without his associate. Neither of the parties objected to the appointment of two surveyors, nor to the order directing them to jointly make the survey, and it appearing that plaintiff, through his counsel, as well as the surveyor appointed by the court on the application of plaintiff, knew that defendant had not waived the right to have the survey made as ordered, and that defendant, through his counsel, had formally protested against such action, we are of the opinion that the court properly refused to allow or tax as cost the expense incurred in that proceeding, as it is clear that under the order of court defendant was entitled to have the survey made jointly by both of the surveyors and that plaintiff and the surveyor were fully aware that defendant had not waived the right to have the survey made as ordered.

As to the contention that the court erred in ordering the cost which was taxed to be paid equally by the parties, plaintiff and appellant contends that defendant had refused to consent to have the boundary established extra-judicially and that he had been forced to bring suit to have the boundary judicially established, and therefore defendant should have been condemned to pay all cost of suit.

However, while plaintiff alleged that defendant had refused to have the boundary established extra-judicially, defendant in his answer denied that allegation, and there was not any evidence offered tending to show that plaintiff had demanded, or that defendant had refused, to have the boundary extra-judicially established; but, on the other hand, the fact that defendant requested the appointment of a surveyor indicates that he did not object to having the boundary established, but rather joined plaintiff in his demand, and, as there was not any contest as to the correctness of the survey when finally made, plaintiff has no cause to complain of the decree ordering the cost paid equally by the parties.

"In an action of boundary the costs should be equally divided between the parties, unless there is proof of a demand on one side, and refusal on the other to settle the boundary amicably." Tircuit v. Pelanne, 14 La. Ann. 215.

The judgment is affirmed.